UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOHN POULIN
7 Kondracki Lane
Wallingford, Connecticut 06492,

*Plaintiff*,

v().

METRO-NORTH COMMUTER
RAILROAD COMPANY
10 Brewery Street - Bldg. 24
New Haven, Connecticut 06511,

*Defendant*.

**COMPLAINT**

**Civil Action No.:**

***Plaintiff Demands Trial By Jury***

## NATURE OF ACTION

1. The Plaintiff, JOHN POULIN, brings this action for negligence against the Defendant, METRO-NORTH COMMUTER RAILROAD COMPANY (hereinafter, "METRO-NORTH"), pursuant to the provisions of the Federal Employers' Liability Act, Title 45 U.S. Code, Section 51, *et seq.*, for injuries the Plaintiff, JOHN POULIN, suffered while in the employment of the Defendant, METRO-NORTH.

## JURISDICTION

2. This Court has subject matter jurisdiction in this case pursuant to the Federal Employers Liability Act 45 U.S.C. §51 and 28 U.S.C. 1331. Venue properly lies in this Court pursuant to 45 U.S.C. §56.

## PARTIES

3. At all times pertinent hereto, the Plaintiff, JOHN POULIN (hereinafter, "Plaintiff"), herein is a resident of Wallingford, Connecticut.

4. At all times hereinafter mentioned, the Defendant, METRO-NORTH, is and was at all times a public benefit corporation duly organized, created and existing under the laws of the State of Connecticut, and is and was at all times hereinafter mentioned a common carrier in interstate transportation and commerce by railroad.

5. The Defendant, METRO-NORTH, has tracks, operates trains, and does have a principal place of business located within the State of Connecticut, and County of New Haven, with a business office located at 10 Brewery Street, Bldg. 24, New Haven, Connecticut.

### AS AND FOR A FIRST CAUSE OF ACTION
### PLAINTIFF JOHN POULIN HEREIN ALLEGES

6. That on or about the 27th day of November, 2017, at approximately 6:30 a.m., and for some time prior thereto, the Plaintiff, JOHN POULIN, was employed by the Defendant, METRO-NORTH, as the term is defined under Title 45, U.S.C. Section 51, and was engaged by the Defendant, METRO-NORTH, to perform duties in the furtherance of their business interest and movement of freight in interstate and foreign commerce in the State of Connecticut and County of New Haven, and elsewhere.

7. That on or about the 27th day of November, 2017, at approximately 6:30 a.m., the Plaintiff, JOHN POULIN, was assigned to work as a conductor on Metro-North Train 1429, in furtherance of the Defendant METRO-NORTH's business in interstate commerce, when he sustained injuries as a result of the Defendant, METRO-NORTH's negligence.

8. That on or about the 27th day of November, 2017, at approximately 6:30 a.m., in Bridgeport, Connecticut, the Plaintiff, JOHN POULIN, while performing the duties of his employment, was injured while working on Metro-North Train 1429 from Track 18 in the East Bridgeport Yard.

9. That as a result of the negligence of the Defendant, METRO-NORTH, its agents, servants, and/or employees with respect to the negligent and careless operation of its business, the Defendant, METRO-NORTH: failed to properly provide Plaintiff, JOHN POULIN, with a safe place to work; failed to properly warn Plaintiff of the possible and potential hazards to his health; failed to properly inspect and maintain its equipment and property in a proper and safe manner; failed to properly comply with the applicable state and federal statutes; failed to properly operate the job and instead did so in a general reckless, careless and negligent manner in which the Defendant carried on its business, causing the Plaintiff to suffer serious and permanent injuries, while employed by the Defendant on or about the 27th day of November, 2017.

10. As a result of the actions of Defendant, METRO-NORTH, its agents, servants, and/or employees, as aforesaid, without any negligence on the part of the Plaintiff, JOHN POULIN, contributing thereto, the Plaintiff was caused to fall and sustain severe, permanent, personal and painful physical and emotional injuries, damages, and impairments.

11. As a result of the actions of Defendant, METRO-NORTH, its agents, servants, and/or employees, as aforesaid, without any negligence on the part of the Plaintiff, JOHN POULIN, contributing thereto, the Plaintiff has suffered mental anguish, embarrassment, humiliation, disability, has been denied of social pleasure and enjoyments, experienced a change of lifestyle, and has been caused to lose time from his railroad employment, and incurred expenses and suffered additional damages.

12. The Plaintiff's injuries were caused in whole or in part by the negligence of the agents, servants, and/or employees of the Defendant, METRO-NORTH. Specifically, the Plaintiff's injuries were caused in whole or in part by the Defendant, METRO-NORTH's, violation of laws, statutes and regulations of the United States, including but not limited to the following: the Federal Employers' Liability Act 45 U.S.C. Section 51, *et seq.*

13. The Plaintiff demands a trial by jury of all issues.

**WHEREFORE**, the Plaintiff, JOHN POULIN, demands a money judgment against the Defendant, METRO-NORTH COMMUTER RAILROAD COMPANY, for whatever amount said Plaintiff is found to be entitled, together with attorney's fees, interest, costs and disbursements of this action and such other and further relief as this Court deems proper.

DATED:   July 30, 2020
           Williamsville, New York

STEVEN L. KANTOR, ESQ. (CT26837)
**THE KANTOR LAW FIRM, PLLC**
*Attorneys for Plaintiff*
5800 Main Street
Williamsville, New York 14221
Phone 716-626-0404
Email: kantorlaw@roadrunner.com

/s/
JEFFREY COOPER, ESQ. (CT26250)
**COOPER SEVILLANO, LLC**
*Of Counsel for Plaintiff*
1087 Broad Street 4th Floor
Bridgeport, Connecticut 06604
Phone 203-366-0688
Email: jcooper@coopersevillano.com